**BRUNO INDEPENDENT LIVING AIDS, INC., Plaintiff,**

v.

**ACORN MOBILITY SERVICES LTD. and ACORN STAIRLIFTS, INC., Defendants.**

No. 02–C–0391–C.

United States District Court, W.D. Wisconsin.

May 15, 2003.

Thomas M. Pyper, for plaintiff.

Michael E. Florey, Fish & Richardson P.C., P.A., Minneapolis, MN, for defendant.

———

OPINION AND ORDER

CRABB, District Judge.

This is a civil action in which plaintiff Bruno Independent Living Aids, Inc. contends that defendants Acorn Mobility Services Ltd. and Acorn Stairlifts, Inc. infringed claims 5, 9, 10 and 15 of plaintiff's U.S. Patent No. 5,230,405, which is directed to a stairway chairlift device that transports disabled individuals up and down a staircase. In addition, plaintiff contends that defendants sold their product below cost in violation of the Antidumping Act, 15 U.S.C. § 72, and engaged in deceptive advertising in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). Defendants filed a counterclaim, seeking a declaratory judgment of non-infringement and invalidity of plaintiff's '405 patent.

Presently before the court are defendants' motion for summary judgment and plaintiff's motion for a voluntary dismissal with prejudice as to its claims under the Antidumping Act and Lanham Act.

In plaintiff's brief in response to defendant's motion for summary judgment, plaintiff concedes that all patent claims at issue in this lawsuit are "invalid" and that the issue of infringement regarding these claims "is now, and forever, moot." Plt.'s Resp., dkt. # 49, at 2. Notwithstanding plaintiff's concession as to invalidity of the claims, defendants argue that this "partial" admission of invalidity does not divest this court of jurisdiction over defendants' non-infringement counterclaim and, thus, the court must determine whether defendants have infringed the claims at issue in this lawsuit. I disagree.

Defendants' characterization of plaintiff's concession as a "partial" admission of invalidity is incorrect. It is true that relative to the number of claims in the '405 patent, defendants' use of the word *partial* would be accurate. However, relative to the claims at issue in this lawsuit (claims 5, 9, 10 and 15), plaintiff's concession is a *total* admission of invalidity, not a *partial* admission. In fact, in defendants' own motion for summary judgment they argue for a non-infringement determination as to only claims 5, 9, 10 and 15, not *all* (or even any other) claims in the '405 patent. *See* Dfts.' Br. in Supp. of Mot. for Summ. J., dkt. # 38, at 1 (contending as matter of law that "the accused Acorn stairlifts do not infringe claims 5, 9, 10, or 15 ('the asserted claims') of [the '405 patent] either literally or under the doctrine of equivalents").

Defendants argue next that in order for the issue of infringement in this lawsuit to be moot, plaintiff "must unconditionally agree not to sue [them] for infringement as to *any* claim of the '405 patent," Dft.'s Reply, dkt. # 60, at 3 (emphasis added). Again I disagree. Citing *Wilden Pump & Eng. Co., Inc. v. Ingersoll–Rand Co.,* 57 U.S.P.Q.2d 1567, 1568, 2000 WL 1741530 (C.D.Cal.2000), plaintiff contends that de-

fendants' non-infringement counterclaim is rendered moot upon a determination of invalidity. Defendants argue that the holding in *Wilden Pump* is inapplicable because in that case the plaintiff agreed that the whole patent was invalid, while in this case plaintiff is conceding that only claims 5, 9, 10 and 15 are invalid. However, as far as this lawsuit is concerned, plaintiff is conceding *all* claims at issue. For all intents and purposes, this concession is equivalent to the plaintiff's declaration in *Wilden Pump* that the whole patent was invalid.

It is questionable whether defendants could have a "well-founded apprehension" of being accused of potentially infringing claim 16 if it is reissued in its present form. Because "[b]efore issuance, what the scope of [the] claims will be 'is something totally unforeseeable.'" *Spectronics Corp. v. H.B. Fuller Co., Inc.,* 940 F.2d 631, 637 (Fed.Cir.1991) (quoting *State Industries Inc. v. A.O. Smith Corp.,* 751 F.2d 1226, 1236 (Fed.Cir.1985)). Claim 16 depends from claim 15 and, thus, if defendants cannot infringe claim 15 (because it is invalid), it cannot infringe claim 16. *See Wahpeton Canvas Co. v. Frontier, Inc.,* 870 F.2d 1546, 1552 n. 9 (Fed.Cir.1989) ("One who does not infringe an independent claim cannot infringe a claim dependent on . . . that claim."). Defendants' argument as to claim 16 is perplexing given that they do not argue in their summary judgment briefs for a non-infringement determination as to claim 16.

■ To the extent that defendants argue that plaintiff has asserted infringement as to a total of eight claims in this lawsuit (5, 6, 9, 10, 11, 15, 16 and 17) on the basis of its answer to an interrogatory, this argument is unpersuasive for two reasons. First, defendants conceded previously that it was their understanding that "[plaintiff] is asserting claims 5, 9, 10 and 15." *See* Dfts.' Br. in Support of Claim Const., dkt.

# 14, at 2. Thus, it appears disingenuous for defendants to assert otherwise today. Second, defendants never proposed a claim construction as to the other claims that are supposedly now at issue or argued non-infringement as to those claims in their briefs. It is a well-established canon of claim construction that infringement analysis *begins* with construction of the claims at issue. *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F.3d 1576, 1582 (Fed.Cir. 1996); *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 979 (Fed.Cir. 1995) (en banc), *aff'd,* 517 U.S. 370, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996). Thus, defendants' opportunity to put other claims into dispute passed long ago, during the claim construction phase of this lawsuit. (The doctrine of collateral estoppel might well prevent plaintiff from asserting infringement as to other claims of infringement of the '405 patent that could have been brought in this lawsuit. But that is a question for another day.)

Because plaintiff has conceded that all patent claims at issue in this case (that is, claims 5, 9, 10 and 15) are invalid, there is no longer a live case or controversy. *See Spectronics,* 940 F.2d at 635 ("'[a]n actual controversy must be extant at all stages of review'") (quoting *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975)). Accordingly, defendants' motion for summary judgment will be granted.

As to plaintiff's motion for voluntary dismissal with prejudice regarding its claims under the Antidumping Act and Lanham Act, defendants do not oppose the motion but nevertheless wish to reserve their alleged right to seek costs and attorney fees. I will grant the motion. However, because no party has moved for costs or attorney fees, this issue is not ripe for review. Perhaps the parties can resolve

this potential dispute without seeking court intervention.

ORDER

IT IS ORDERED that

1. Defendants Acorn Mobility Services Ltd.'s and Acorn Stairlifts, Inc.'s motion for summary judgment is GRANTED. Claims 5, 9, 10 and 15 of U.S. Patent No. 5,203,405 are DECLARED to be invalid;

2. Plaintiff Bruno Independent Living Aids, Inc.'s motion for voluntary dismissal with prejudice as to its claims under the Antidumping Act, 15 U.S.C. § 72, and Lanham Act, 15 U.S.C. § 1125(a)(1)(B), is GRANTED; and

3. The clerk of court is directed to enter judgment in favor of defendants and close this case.